384

PROVIDENT LIFE & ACCIDENT INS. CO.
v. DANCE.
No. 7582.

Circuit Court of Appeals, Fifth Circuit.
March 29, 1935.

Rehearing Denied May 3, 1935.

E. Wayles Browne, of Shreveport, La., for appellant.

W. D. Goff, of Arcadia, La., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit as beneficiary to recover on an accident policy for the death of the insured, Pierce Wilson Dance. The jury was waived and judgment was entered for appellee in the sum of $5,000. Error is assigned to the overruling of a motion for judgment in favor of appellant. We need consider only the facts.

Liability on the policy was denied on the ground that the insured was killed in an accident while driving his automobile in an intoxicated condition, which was also a violation of the laws of Louisiana, both of which were risks excepted by provisions of the policy. No other defense was raised.

The testimony was conflicting except as to the occurrence of the accident. As to this, it appeared that about 5 p. m., on Saturday, February 4, 1933, the insured was driving a Ford automobile on a public highway, about four or five miles from Shreveport, and, while passing a car going in the opposite direction, a Buick automobile, driven by one Miller, cut around from behind the other car and collided with the Ford. The insured suffered serious injuries, from which he died the next morning.

We will not attempt to review the evidence on the question of intoxication in detail. It is enough to say that there was testimony from a number of witnesses, who were at the scene of the accident, when it occurred or immediately thereafter, tending to show that the insured was driving his car straight, there was no odor of liquor on his breath or in his car, and there was no liquor in his car. Several other witnesses, who had occasion to be with him or saw him during the day, one as late as 4:30 p. m., gave testimony tending to show that he had not been drinking, and had no appearance of being intoxicated. Appellant relies upon the testimony of two doctors, and two nurses, who treated the insured at the Charity Hospital in Shreveport, to which he was taken after the accident, arriving there at 6:45 p. m. They testified that in their opinion he was intoxicated when brought into the hospital. Conceding they were honest in their belief, it is apparent this testimony was based purely on the fact that they observed an odor of liquor on his breath and when he vomited. There was no other reasonable basis for their belief as he was suffering from a crushed chest and a fracture of the skull, which they did not discover, had various fractures of his limbs, and was in an unconscious or semiconscious condition. The time he was brought into the hospital was somewhat remote to the accident. It is quite possible that some one had given the insured a drink after the accident or that he might have had a drink some time during the day, which would give out an odor when his stomach was emptied. This evidence did not compel the conclusion that he was intoxicated at the time of the accident.

It was for the District Judge to resolve the conflict in the evidence and deter-

mine its weight and sufficiency. If there was any competent evidence tending to show that the insured was not intoxicated at the time of the accident, there would be enough to sustain the judgment. However, on the whole case, we conclude that the evidence in the record clearly preponderates to that effect.

The record presents no reversible error. Affirmed.